

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

CASE NO.: 1: 23-cv-2382

BB, INC.,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

        Defendants.

_____/

## MOTION FOR ORDER GRANTING DAMAGES PURSUANT TO FRCP §65(C)

NOW COMES Xiaoda Yu, the owner of FengyuanMaple on amazon.com ("Defendant"), hereby respectfully moves this Court for Damages pursuant to Federal Rule of Civil Procedure 65(c), and as for grounds, states as follows:

## INTRODUCTION

This case is one of a burgeoning number of cases being filed in this District that all follow a nearly uniform pattern. Plaintiffs, purporting to own certain intellectual property, sue large groups[1] of foreign defendants for infringement. Using pseudonyms, plaintiffs institute these cases *ex parte*, seeking first a restraint on defendants' internet stores and accounts and then a preliminary injunction. On the expectation that the majority of defendants — all foreign businesses — may not realize immediately that they have been sued in this District and may be unfamiliar with the American legal system — these plaintiffs finally move for default judgment, hoping that most of

---

[1] Although these types of cases follow a nearly uniform procedural pattern, they do differ in terms of the numbers of defendants plaintiffs join in a single case, ranging from 79 defendants in a case before Judge Chang, *Estee Lauder Cosmetics Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020), to 3,343 defendants in a case before Judge Blakely, *Am. Bridal & Prom Indus. Ass'n v. The P'ships & Unincorporated Ass'ns Identified on Schedule A,* 192 F. Supp. 3d 924, 932 (N.D. Ill. 2016).

these foreign defendants will simply settle or take the default. Unfortunately, Defendant is the latest such defendant to be swept up in these kinds of cases.

But for all that, Defendant is the prevailing party in this case, and now moves pursuant to Fed. R. Civ. P. 65(c) and 65.1 to recover the security posted by Plaintiff, in connection with the entry of the TRO in this matter. Defendant is entitled as a matter of law to do so.

## **STATEMENT OF FACTS**

Plaintiff's claims against Defendant in this matter are based on, *inter alia*, allegations of trademark infringement in violation of the Lanham Act.[2] Prior to serving the Complaint, Plaintiff obtained, *ex parte*, a Temporary Restraining Order ("TRO") freezing Defendant's account on amazon.com. In its Complaint and its application for the TRO, Plaintiff asserted numerous claims that are completely inapplicable relative to Defendant, rendering them false for purposes of the instant Motion.

Among other things, Plaintiff alleged that "Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences."[3] Plaintiff also averred that "Defendants will continue to register or acquire listings for the purpose of selling infringing products that infringe upon the BALA trademark, design patents, and copyrights unless preliminarily and permanently enjoined." The only support Plaintiff has proffered for these allegations are rank speculation and broad, generalized claims purportedly based on news reports and white papers related to counterfeiting, none of which are relevant to Defendant.[4]

In truth, Defendant has nothing in common, nor any relationship with any of their Co-Defendants nor do they bear any resemblance to the caricature painted by Plaintiff, all of whose

---

[2] *See* Plaintiff's Complaint, ECF No. 1
[3] *See* Plaintiff's Complaint, ECF No. 1 at ¶ 25
[4] *See* Plaintiff's Complaint, ECF No. 1

allegations against Defendant are patently false. Not only isn't Defendant a nefarious foreign entity, but Plaintiff's claims that Defendant violated the Lanham Act are equally false.

Upon information and belief, prior to filing suit against Defendant, Plaintiff performed no due diligence to determine the truth of its allegations against Defendant, or the validity of its claims. Plaintiff did not perform even a perfunctory investigation of Defendant before claiming they are a Chinese business conspiring with others to violate Plaintiff's intellectual property rights. Had Plaintiff done either of these things before hauling Defendant into Federal Court, it would have easily ascertained that Defendant is not a counterfeiter and that Defendant does not fit in with the other defendants Plaintiff filed this lawsuit against. When confronted, Plaintiff's counsel was able to confirm Defendant's position on the case merits by reviewing information that was already in its possession and voluntarily dismissed its claims against Defendant[5] (the "Rule 41" dismissal).[6]

As a result, the issue before the Court is discrete and its resolution is straightforward. Because Plaintiff has now dismissed this case with prejudice via Rule 41, ***it can no longer contest Defendant's position on these issues***. Plaintiff, in its haste to avoid defending its case on the merits, has unilaterally declared Defendant the winner of this case ***on the merits***.

Contrary to what Plaintiff averred to this Court in its Rule 41 dismissal notice[7], Defendant is ***not*** a "Settling Defendant" by any definition or standard and no settlement agreement was ever reached between the parties. The truth is, Plaintiff filed the Rule 41 dismissal to conceal its misconduct and to prevent Defendant from bringing to the Court's attention Plaintiff's material misrepresentations, that resulted in ***unwarranted*** civil punishment and business interruption to Defendant. It follows that this is not a case of voluntary dismissal with agreement by the parties to be without prejudice and thus now triggers the relief Defendant seeks.

---

[5] *See* Exhibit A – Email Correspondence
[6] *See* Exhibit B – Notice of Voluntary Dismissal
[7] *See* Exhibit B – Notice of Voluntary Dismissal

**ARGUMENT**

**I.  There Is No Question That Defendant Is the Prevailing Party Under Rule 54(d)(1)**

"Under Rule 54(d), '[w]here there is a dismissal of an action, even where such dismissal is voluntary and without prejudice, the defendant is the prevailing party.'" *First Commodity Traders, Inc. v. Heinold Commodities, Inc.,* 766 F.2d 1007, 1015 (7th Cir. 1985) (alteration in original) (quoting 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.70[4] (2d ed. 1985)); *Bennett v. Unitek Glob. Servs., LLC,* No. 10 C 4968, 2014 WL 1322711, at *1–2 (N.D. Ill. Apr. 2, 2014) ("Here, the Court granted summary judgment in favor of Defendants on the FLSA claim and dismissed without prejudice Plaintiffs' remaining claims, all of which were brought under state law. Thus, the Defendants prevailed on every claim within the meaning of Rule 54(d) and are prevailing parties for purposes of taxing costs."); *see Gwin v. Am. River Transp. Co.,* 482 F.3d 969, 975 (7th Cir. 2007) ("noting that a voluntary dismissal without prejudice renders the opposing party a 'prevailing party' within the meaning of Rule 54" (citing *First Commodity Traders,* 766 F.2d at 1015)).

In the instant case, because Plaintiff voluntarily dismissed its lawsuit with prejudice, Defendant is the prevailing party in this case under Rule 54(d)(1) and is therefore entitled to damages pursuant to Fed. R. Civ. P. 65(c). "In the Seventh Circuit, 'a prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case.'" *Triumph v. Ward,* No. 11 C 7927, 2011 WL 6754044, at *2 (N.D. Ill. Dec. 22, 2011) (quoting *Coyne–Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois,* 717 F.2d 385, 391 (7th Cir. 1983)). "In deciding whether to award injunction damages, district courts are guided by the 'implicit presumption' in Federal Rule of Civil Procedure [] 65(c) of awarding them." *Id.* As Judge Posner of the Seventh Circuit has explained with respect to the presumption of awarding bond damages, "[w]hen rules prescribe a course of action as the norm . . . [t]he judge must have a good reason for departing from such a principle in a particular case." *Coyne-Delany Co. v. Cap. Dev. Bd. of State of Ill.,* 717 F.2d 385, 392 (7th Cir. 1983). For example,

4

"[i]t is not a sufficient reason for denying costs or damages on an injunction bond that the suit had [] been brought in good faith." *Id.* (further explaining that a good reason for awarding damages is where "the bond cover[s] only a small fraction of the defendant's damages").

Here, there is no "good reason" not to award damages, and Plaintiff cannot conceivably rebut the presumption of awarding bond damages.

## II. Defendant Is Entitled to Damages for Wrongful Enjoinment Pursuant to FRCP §65(C)

There is no dispute that a party, such as Defendant, is entitled to compensatory damages for the harm sustained due to being wrongfully enjoined at the behest of an adversary, such as Plaintiff. *Diginet, Inc. v. Western Union ATS, Inc.,* 958 F.2d 1388, 1394 (7th Cir. 1992); *Coyne-Delany Co. v. Capital Development Board,* 717 F.2d 385, 393-94 (7th Cir. 1983).

### A. Defendant Has Been *De Jure* Wrongfully Enjoined

It is respectfully submitted that this Court should adopt the reasoning applied by its sister Courts in the Eastern and Southern Districts of New York addressing facts substantively identical to those at bar. Those Courts held that plaintiffs should not be allowed to escape Rule 65(c) liability for wrongful enjoinment by abandoning their claims before the enjoined party can even conduct discovery, much less prove its case on the merits.

In *Smart Study Co. v. Bichha123,* 20-cv-7889 (JSR) (S.D.N.Y. Dec. 7, 2020), Judge Rakoff held that "...when the issuance of a TRO is followed by the plaintiff's prompt voluntary withdrawal of the complaint as to a given defendant (other than as part of a settlement), that withdrawal establishes as a matter of law that the defendant was wrongfully enjoined."

In *B.G. Soft LTD v. BG Soft International, Inc.,* 01-cv-17, 2002 WL 1467744 (E.D.N.Y. 2002) the court held that:

> "Although there has been no determination, after a full hearing on the merits, that the defendants had at all times the right to distribute and sell the product at issue, they were deprived of that opportunity by the plaintiff's abandonment of the action. The plaintiff should not be able to escape liability under the bond by its own default."

Here, Plaintiff did exactly what the courts decried in *Smart Study* and *B.G. Soft LTD*: After making baseless claims against the defendants and convincing the respective courts to enjoin them from doing business, the plaintiffs abandoned their cases as soon as their allegations were challenged. Under these circumstances, basic fairness dictates that Defendant should not be required to prove that they were wrongfully enjoined. Instead, Plaintiff should be held liable to Defendant as a matter of law.

## B. Defendant Has Been *De Facto* Wrongfully Enjoined

Plaintiff's statements and actions after the TRO was issued make it abundantly clear that it was patently improper for Defendant to be restrained from conducting business as it otherwise had the right to do. Instead of contesting Defendant's demand that the case be dismissed against it, Plaintiff simply capitulated. The only reasonable conclusion to be drawn is that Plaintiff was completely unable to defend its position or, justify its claims under even the slightest scrutiny. Since the TRO was premised on those same indefensible claims, it is only reasonable to conclude that the injunction never should have been issued.

In *Triumph v. Ward,* No. :11 C 7927 (N.D. Ill. Dec. 22, 2011) this Court recited the circumstances in which an enjoined party is entitled to damages under Rule 65(C):

> "a prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case.'" *Coyne-Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois,* 717 F.2d 385, 391 (7th Cir. 1983). Such a rule "makes the law more predictable and discourages the seeking of preliminary injunctions on flimsy (though not necessarily frivolous) grounds."...In deciding whether to award injunction damages, district courts are guided by the "implicit presumption" in Federal Rule of Civil Procedure ("Rule") 65(c) of awarding them...Additionally, the court should consider, among other factors, the resources of the parties, the defendant's efforts or lack thereof to mitigate his damages, and the outcome of the underlying suit...District courts may not deny costs and damages on an injunction bond on the grounds that the plaintiff brought the suit in good faith."

Here, there is simply nothing Plaintiff can offer in opposition that could overcome the implications of its actions. Therefore, there is no "good reason" to deny Defendant the relief they seek. In fact, as is set forth in greater detail below, Plaintiff's claims against Defendant weren't

just flimsy, they were frivolous and made in bad faith. However, it is unnecessary to reach that issue. Yet.

It is sufficient for this aspect of the Court's determination that: a) Plaintiff is a multi-million-dollar business with vastly greater resources than Defendant; b) Defendant acted immediately to mitigate their damages by confronting Plaintiff upon learning that the TRO had been issued; and c) Defendant is the prevailing party in this case. Therefore, under the test set out by the 7th Circuit in *Coyne-Delany Co., Inc.* there is simply no credible argument to be made against awarding Defendant damages pursuant to Rule 65(C). "In deciding whether to award injunction damages, district courts are guided by the implicit presumption in Federal Rule of Civil Procedure . . . 65(c) of awarding them." *Id*. (internal quotation marks omitted). "Additionally, the court should consider, among other factors, the resources of the parties, the defendant's efforts or lack thereof to mitigate his damages, and the outcome of the underlying suit." *Id*.

## C. <u>Defendant's Damages Should Not Be Capped At The Bonded Amount</u>

While a defendant generally may only recover damages up to the amount of the TRO bond, a wrongfully enjoined party may "obtain damages over and above the injunction bond" if "he can prove that the plaintiff acted in bad faith in obtaining the injunction." *Triumph v. Ward,* No. 11 C 7927, 2011 WL 6754044, at *2 (N.D. Ill. Dec. 22, 2011) (citing *qad. inc. v. ALN Associates, Inc.,* 781 F. Supp. 561, 563-64 (N.D. Ill. 1992) (District court had the inherent power under Rule 65 to award damages in an amount greater than the preliminary injunction bond for a plaintiff's bad-faith conduct in obtaining a preliminary injunction.))

The amount of security posted does not limit damages recoverable by a party wrongfully enjoined where the injunction was the product of the movant's bad faith. *See qad. inc.,* 781 F. Supp. at 562 (noting that *Coyne–Delany* expressly recognizes that any ceiling on recovery is lifted where the other party had acted in bad faith in obtaining the preliminary injunction).

In *qad. inc.,* the Court concluded that the wrongfully enjoined party's recovery was not limited where the movant was guilty of "deception [that] has misled this Court into imposing

unwarranted harm" on the wrongfully enjoined party. *Id.* The Court in *qad. inc.* found that the movant had "deliberately created the fog that concealed the truth and had thus caused the wrongful issuance" of the injunction. *Id.* at 562-63.

The facts here are similar to those presented in *qad. inc.* Here, the general allegations submitted by Plaintiff under penalty of perjury are demonstrably false with respect to Defendant. Plaintiff "deliberately created a fog," concealing that truth and thus "caused the wrongful issuance" of the injunction.

As noted above, Plaintiff's claims against Defendant were not just "flimsy" they were frivolous and made in bad faith. So, Defendant's recovery should not be limited to the bonded amount and Defendant is instead entitled to reimbursement for the full amount lost due to being wrongfully enjoined.

Based upon its voluntary dismissal of the case against Defendant and its actions leading thereto, the only credible conclusion to be reached is that Plaintiff performed no due diligence at all before filing suit against Defendant. Had it done so, Plaintiff would have reached the same conclusions about Defendant before filing suit that it did after its claims were challenged. As soon as Defendant put up the slightest resistance, Plaintiff voluntarily dismissed this case as to Defendant.

If, instead of rushing to sue Defendant, Plaintiff conducted a simple test buy or just sent a single cease and desist letter it would have determined pre-suit that Defendant is a reputable seller against whom Plaintiff's claims are baseless. Unfortunately, instead of engaging in these most basic efforts to avoid making false allegations and filing frivolous claims, Plaintiff not only sued Defendant but in the course of doing so made wild and salacious claims about it.

If only Plaintiff had written a simple email to Defendant, it would have determined that Defendant is not a nefarious Chinese business entity engaged in a vast conspiracy with their Co-Defendants to produce and sell counterfeit goods on a massive scale. Instead, Plaintiff would have learned that Defendant is a well-established, reputable small business owned by a single parent

living in China and raising their children with the money they earn selling a variety of products on Amazon that have nothing to do with this case. This failure to make even a token effort to confirm the accuracy of its allegations blatantly violates the rules against filing frivolous claims and is by any measure "bad faith".

The 7th Circuit has held that "bad faith" is demonstrated when a party brings "a frivolous suit — frivolousness connoting not just a lack of merit but so great a lack as to suggest that the suit must have been brought to harass rather than to win." *Coyne-Delany Co., supra,* citing *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258-59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Overnite Transport. Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789 (7th Cir. 1983); *Mary v. Ramsden,* 635 F.2d 590, 603 (7th Cir. 1980); *Perichak v. International Union of Electrical Radio Machine Workers,* 715 F.2d 78 at 83, 85 (3d Cir. 1983).

Here, everything Plaintiff did supports a finding that it intended to harass Defendant rather than prevail over them on the merits of well-founded claims. *First*, it made no effort at all to verify its allegations against Defendant before making them. Not an email. Not a cease-and-desist letter. Nothing.

*Second*, the nature of those allegations was such that they constitute accusations not just of civil wrongs but of criminality which justice requires be made only after substantive efforts to confirm their truth. *Third*, Plaintiff had Defendant enjoined despite the fact that none of the allegations made in support of its application for the TRO applied to Defendant. Contrary to what Plaintiff averred to this Court, Defendant is not part of any counterfeiting ring that is targeting the residents of Illinois. Nor is Defendant likely to abscond with their ill-gotten gains, the profits from their counterfeiting conspiracy back to whence they came.

Literally nothing Plaintiff has alleged about Defendant in this matter is true. Defendant is not a counterfeiter. Defendant is not without assets in the United States. Defendant has no relation to, much less are they in conspiracy with, whatever actual Chinese counterfeiters there may be among their Co-Defendants.

Rule 65 is clear regarding issuance of a TRO without notice — the Court may only do so upon a showing of "*specific* facts in an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). Here, Plaintiff misrepresented material facts in its efforts to secure the temporary restraining order, extend it, and ultimately to enshrine it in a preliminary injunction.

To make matters worse, it would have taken minutes, not hours, for Plaintiff to determine that not a single one of its allegations against Defendant was true. On the contrary, instead of making any effort at all to determine the truth of its claims, Plaintiff chose to engage in scorched earth litigation intended to put Defendant out of business. In doing so, Plaintiff made salacious, defamatory accusations to induce this Court to enjoin Defendant when it knew, or at the very least should have known that not a single one of those accusations was true. This clearly meets the standard for "bad faith" laid down in *Coyne-Delany Co., supra* thereby entitling Defendant to damages in excess of the bonded amount. For the same reasons, Defendant is entitled to seek the damages Plaintiff has caused them to incur.

### D. <u>This Action is Exceptional Based Upon the Totality of the Circumstances</u>

It must be noted that Plaintiff's counsel has an obligation to inform the Court and to correct any prior false statement. *See Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.,* 2017 WL 11489945, at *2 (N.D. Ill. May 11, 2017) (citing ABA Model Rule 3.3(a)(1) ("A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."). As discussed in further detail below, Plaintiff's material misrepresentations and omissions are not accidental, but rather constitute Plaintiff's *modus operandi*.

Consequently, after acknowledging that Defendant was wrongfully enjoined[8], Plaintiff's failure to inform the Court and to correct their prior false statements; and Plaintiff's **further** misrepresentation to this Court that Defendant is a "Settling Defendant"[9] can only be understood

---

[8] *See* Exhibit A – Email Correspondence
[9] *See* Exhibit B – Notice of Voluntary Dismissal

as Plaintiff's intentional and willful bad-faith conduct in enforcing their intellectual property rights against non-infringers.

It is respectfully submitted that based upon any reasonable, objective evaluation of the circumstances of this matter as it relates to Defendant, it is "exceptional" in that it stands out from other cases of the same type, for numerous reasons set forth in detail above and below.

Plaintiff's inability to offer even token resistance before voluntarily dismissing its claims against Defendant is proof that it made no effort whatsoever to verify that those claims were even remotely justified. Plaintiff compounded its malfeasance in filing its frivolous claims against Defendant by repeating them in its subsequent motions, coupled with even more wild, unsupported allegations in seeking to have Defendant wrongfully enjoined. And, that wrongful enjoinment by itself is sufficient to set this case apart from others of its sort.

### E. The Circumstances of this Case Demonstrate the Need to Advance Considerations of Compensation and Deterrence

Claims such as Plaintiff's against Defendant are, by any definition, "exceptional" as they have no factual or legal basis and must therefore be deterred. So, the Court can hold Plaintiff accountable as either a recovery of damages or as a sanction, and either would be appropriate.

Rule 11(c) provides that the court may impose an appropriate sanction on any attorney, law firm, or party that violates the rule or is responsible for the violation. Fed. R. Civ. P. 11(c). The rule encourages thorough pre-filing investigation by attorneys when analyzing their clients' claims. To avoid sanctions, lawyers and their clients must limit their pleadings and motions to those reasonably supported by the law. Ever since Plaintiff requested Amazon to execute the wrongful TRO in May 2023, Defendant has continued to incur significant damages as a result of the same TRO and Defendant's Amazon account remains restrained to-date. Here, Plaintiff's reckless conduct caused the ruination of Defendant's business, and Plaintiff *makes no legitimate argument for having done so*. As a result, Defendant was caused to suffer thousands of dollars in damages for which they are entitled to compensation. Defendant has been unjustly ruined because

of Plaintiff's failure to adequately research their claims. Unfortunately for all involved, Defendant should not be the party that is not afforded a remedy. The Court must now hold Plaintiff accountable for the damages it has caused Defendant.

### (a) <u>Cases in Which Plaintiff Cannot Support Its Claims Should Be Deterred</u>

Simply put, Plaintiff never should have sued Defendant. There is absolutely nothing in the record to support any of the claims against Defendant in the Complaint or the application for the TRO, meaning they're not just exceptional, but frivolous. It's more than reasonable to conclude that if this weren't the case, Plaintiff would have pursued the action when Defendant contested its claims instead of voluntarily dismissing them.

Litigating in this manner is a complete waste of judicial resources and an unjust abuse of the legal process. It is respectfully submitted that the Court should not countenance frivolous lawsuits such as this, which must be deterred at every opportunity.

### (b) <u>Victims of Frivolous Claims Should Be Compensated for Their Damages</u>

Given ample opportunity, Plaintiff could offer nothing to justify dragging Defendant into federal court, causing them to incur thousands of dollars in damages. It is no accident that none of Plaintiff's allegations against Defendant had any basis at all.

Defendant has spent years and many thousands of dollars building a successful business complying with the law. Contrary to Plaintiff's allegations, Defendant is a respected, well established and successful business. At all times, Defendant has made every effort to ensure that they complied with the law and never violated the intellectual property rights of Plaintiff or any other entity. So, there is simply no justification for Plaintiff's libelous allegations against Defendant.

Since Plaintiff's claims never should have been asserted, Defendant never should have incurred thousands of dollars in damages. That Defendant was forced to do so because Plaintiff couldn't be bothered to verify its allegations is inherently unfair.

Therefore, Defendant is entitled to damages for being wrongfully enjoined by Plaintiff's patently frivolous claims. Should the Court grant this Motion, Defendant respectfully submits that the amount of damages should be calculated upon the resolution of this Motion in Defendant's favor so as to include the full and total damages at the time of resolution.

## CONCLUSION

For the foregoing reasons, Defendant respectfully submits that they are entitled, pursuant to Fed. R. Civ. P. 65(c), to recover from the $10,000 bond posted by Plaintiff as security against wrongful restraint. Defendant therefore requests that this Court order the security to be turned over to Defendant.

Defendant further submits that Plaintiff's misrepresentation in connection with securing and extending the injunction justifies an award in excess of the deposited security pursuant to this Court's inherent authority.

With any order either granting this Motion or vacating the preliminary injunction with respect to Defendant, Defendant further respectfully requests that this Court order that Plaintiff: (1) within two days of entry of this Court's order, serve the order vacating the preliminary injunction with respect to Defendant on Amazon, with an appropriate notice informing Amazon to release and/or unfreeze Defendant's account immediately and (2) within two days after such service is made, Plaintiff so inform the Court and Defendant.

Date: August 8, 2023

/s/ *Xiaoda Yu*
Xiaoda Yu d/b/a FengyuanMaple
Futianqu Huaqiangbeijiedao
Licunshequ Zhenxinglu 120
Shenzhenshi, Guangdongsheng
518000 China
fengyuanmaple.cn@outlook.com

### DECLARATION OF XIAODA YU

I, Xiaoda Yu, hereby declare, and state as follows:

1.      I am a sole proprietor doing business under the name FengyuanMaple on amazon.com, identified on Schedule "A" to the Complaint, and a real party in interest in this action. I am the owner of the Amazon store called FengyuanMaple, and I operate that store.

2.      I am over the age of eighteen and have personal knowledge of the facts set forth in this Declaration.

3.      I am competent to testify as to all matters stated, and I am not under any legal disability that would in any way preclude me from testifying.

4.      I make this declaration subject to the penalty of perjury in support of the instant Motion for damages for wrongful enjoinment pursuant to Fed. R. Civ. P. 65(c) and 65.1.

5.      I do not import, distribute, offer for sale, or sell products that directly and/or indirectly infringe Plaintiff's Designs.

6.      I do not appreciate how I am being portrayed in this case, in which Plaintiffs are accusing defendants of being part of some kind of a large-scale counterfeiting ring that is targeting the residents of Illinois. Those things are not true.

7.      I have no relationship with the other defendants in this case and I am not part of any counterfeiting operation.

8.      I have expended many thousands of dollars and too many hours to count building an established, well-regarded business on Amazon that is known for the quality of my products and customer service.

9.      As far as I know, Plaintiff never contacted me or even attempted to contact me prior to filing suit and procuring the injunctions against my store. Had Plaintiff done so, I would have provided proof that I do not transact in any products that directly and/or indirectly infringe Plaintiff's Designs. That proof would have consisted of the same documents upon which Plaintiff relied in dismissing the case.

14

10.     Due to a TRO issued against my store "FengyuanMaple" on or about April 20, 2023, when Plaintiff notified Amazon of the TRO, my account was completely shut down and my assets frozen.

11.     Since the TRO was served on Amazon my entire business has been suspended for more than three (3) months now and I have lost ability to generate any revenues and/or profits through my Amazon business.

12.     In the last three (3) months, as a result of the cash flow restraint caused by the TRO, I am struggling to make ends meet and I have had to borrow money from friends and family to pay my bills.

13.     Before the TRO was entered, the average monthly net-sales of my store "FengyuanMaple" are approximately USD $3,560. My gross profit margin is 80% to 85% of my net sales so approximately USD $3,026. The gross profit margin is based on my net sales minus the cost of products sold.

14.     I respectfully request that Plaintiff be ordered to compensate me for the damages caused by its wrongful enjoinment and that the actual amount awarded be determined upon the resolution of this Motion in my favor so as to award full and total damages at the time of resolution.

16.     I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.


Date: August 8, 2023                                    /s/ *Xiaoda Yu*
_____        _____
                                                        Xiaoda Yu d/b/a FengyuanMaple
                                                        Futianqu Huaqiangbeijiedao
                                                        Licunshequ Zhenxinglu 120
                                                        Shenzhenshi, Guangdongsheng
                                                        518000 China
                                                        fengyuanmaple.cn@outlook.com

# EXHIBIT A

# Re: FengyuanMaple - BB, Inc. - 23-cv-2382

---

From: **Litigation** | Litigation@fleneriplaw.com                                        18 June at 11:39

To: **Xiaoda Yu** | fengyuanmaple.cn@outlook.com

Cc: **Litigation** | Litigation@fleneriplaw.com

Hello,

We will be dismissing this case. We apologize for the inconvenience.

Best regards,


Zareefa B. Flener

Founder & Manager





# Re: FengyuanMaple - BB, Inc. - 23-cv-2382

---

From: **Xiaoda Yu** | fengyuanmaple.cn@outlook.com

3 July at 13:52

To: **Litigation** | Litigation@fleneriplaw.com, **James Judge** | jjudge@fleneriplaw.com, **Zareefa Flener** | zflener@fleneriplaw.com, **William Eskridge** | William@fleneriplaw.com, **Ying** | ying@fleneriplaw.com

Please be advised Amazon has still not removed the freeze on FengyuanMaple's account.

As a result of your failure to conduct pre-filing investigation prior to representing to the Court that FengyuanMaple is such an infringer, lumped in with hundreds of other Defendants, FengyuanMaple has suffered substantial damages resulting from having the Amazon account frozen now for over two months. In short, the TRO ruined FengyuanMaple's business. You should have properly evaluated your claims prior to making radical representations of trademark infringement to the Court, resulting in unwarranted civil punishment to FengyuanMaple.

You should immediately unfreeze FengyuanMaple's Amazon account. In addition, you and/or your client must compensate FenguanMaple for this unwarranted business interruption. In an effort to informally resolve and settle this matter, FengyuanMaple demands $█████. Otherwise, will have to file a motion seeking damages for wrongful enjoinment pursuant to Fed. R. Civ. P. 65(c). This is not a case of voluntary dismissal with agreement by the parties to be without prejudice and thus now triggers the relief FengyuanMaple seeks.

Please advise by Thursday, July 6 whether your client is agreeable to the above. Time is of the essence.

---

# Re: FengyuanMaple - BB, Inc. - 23-cv-2382

From: **James Judge** | jjudge@fleneriplaw.com                                      5 July at 17:20

To: **Xiaoda Yu** | fengyuanmaple.cn@outlook.com, **Litigation** | Litigation@fleneriplaw.com, **Zareefa Flener** | zflener@fleneriplaw.com, **William Eskridge** | William@fleneriplaw.com, **Ying** | ying@fleneriplaw.com

Thank you for your message.

Amazon.com has been informed that the defendant has been dismissed and that any restrictions on the account may be released. Neither the plaintiff nor this firm has any control over Amazon's account restriction or release policies. We have contacted Amazon again and informed them that our client has no further current claim on the account. We have no way to inquire whether there are independent restrictions on the account that have nothing to do with this lawsuit. We encourage your client to contact Amazon directly regarding any additional restrictions placed on the account concurrent with or subsequent to our release of any claims against it.

James E. Judge

Attorney









Flener IP & Business Law

77 W. Washington Street, Suite 800

Chicago IL. 60602, U.S.A

+1-312-757-5092 (phone)

# Re: FengyuanMaple - BB, Inc. - 23-cv-2382

From: **Xiaoda Yu** | fengyuanmaple.cn@outlook.com

6 July at 03:15

To: **Litigation** | Litigation@fleneriplaw.com, **Zareefa Flener** | zflener@fleneriplaw.com, **William Eskridge** | William@fleneriplaw.com, **Ying** | ying@fleneriplaw.com, **James Judge** | jjudge@fleneriplaw.com

Counsel,

You and your firm are well aware that the TRO should have never issued against FengyuanMaple. As you are further aware, FengyuanMaple has suffered substantial damages resulting from having the Amazon account frozen now for over two months. You and/or your client must compensate FenguanMaple for this unwarranted business interruption. Per my last email, FengyuanMaple demands $██████ in compensation.

If I do not receive a response by COB CST today, Thursday, July 6, 2023, I will apprise the Court of the facts set out in our correspondence and will seek the full extent of damages for the harm you and your client are causing.

This is not going to go away absent a settlement.

# Re: FengyuanMaple - BB, Inc. - 23-cv-2382

---

From: **James Judge** | jjudge@fleneriplaw.com

6 July at 17:32

To: **Xiaoda Yu** | fengyuanmaple.cn@outlook.com, **Litigation** | Litigation@fleneriplaw.com, **Zareefa Flener** | zflener@fleneriplaw.com, **William Eskridge** | William@fleneriplaw.com, **Ying** | ying@fleneriplaw.com

I am informed that the amount restricted at Amazon was $239.06.  Amazon was provided a copy of the dismissal and has been informed that our client has withdrawn its claims. As I mentioned previously, we have no influence over how Amazon conducts its business, and have no knowledge regarding whether there were or are any intervening restrictions on the account.  We have followed our usual procedures in providing the notice of dismissal to Amazon upon filing.  On that basis, we respectfully decline your demand.


James E. Judge

Attorney





A picture containing text, sign, clipart Description automatically generated

A close up of a logo Description automatically generated

Flener IP & Business Law

A close up of a flower Description automatically generated

A screenshot of a cell phone Description automatically generated

77 W. Washington Street, Suite 800

Chicago IL. 60602, U.S.A

+1-312-757-5092 (phone)

+1-312-203-5649 (mobile)

+1-312-724-7395 (fax)

www.fleneriplaw.com


ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - This communication and any attachments are intended for the addressee named

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION**

| | |
|---|---|
| Bala Bangles, Inc., | |
| Plaintiff, | |
| v. | No. 23-cv-2382 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", | Judge Charles P. Kocoras<br>Magistrate Judge Maria Valdez |
| Defendants. | |

**PLAINTIFF'S NOTICE OF DISMISSAL**
**OF CERTAIN DEFENDANTS**

Plaintiff Bala Bangles, Inc., pursuant to Rule 41(a)(1) of the Federal Rules of Civil

Procedure, hereby dismisses all causes of action against the following defendants:

| Merchant Name | Defendant/Doe No. |
|---|---|
| Huntingdoors Outdoor Store | 147 |
| WAPIN DIRECT-US | 200 |
| VKEKIEO | 269 |
| Joybuy Selection Seller 4 | 308 |
| Joybuy Seller 51 | 362 |
| flylitte Official Store | 142 |
| ZSOOQ Official Store | 143 |
| Hoozad-US | 173 |
| Prexey | 180 |
| Woriil | 214 |
| Yokuna | 221 |
| Minnya | 228 |
| A-yixian | 230 |
| Wuhone-US | 182 |
| Xuwimaw-US | 207 |
| FengyuanMaple | 209 |
| Siuyinzae-US | 224 |

(collectively "Settling Defendants"), with prejudice. Plaintiff is dismissing Settling Defendants because it has reached a full settlement with them, the terms of which have been satisfied.

Settling Defendants have filed neither an answer to the complaint nor a motion for summary judgment as to these claims. Dismissal under Rule 41(a)(1) is therefore appropriate.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>DATED: June 23, 2023</td><td>BALA BANGLES, INC.</td></tr>
<tr><td></td><td>By: /s/ James E. Judge</td></tr>
<tr><td></td><td>Zareefa B. Flener (IL Bar No. 6281397)<br>James E. Judge (IL Bar No. 6243206)<br>Flener IP Law, LLC<br>77 W. Washington St., Suite 800<br>Chicago IL 60602<br>jjudge@fleneriplaw.com<br>(312) 724-8874</td></tr>
</table>